UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| ERNEST E. COSSE IV,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NANCY A. BERRYHILL,<br><br>　　　　Defendant. | Case No. 16-cv-06549-RMI<br><br>**ORDER RE PLAINTIFF'S AND DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 17, 22 |

Plaintiff Ernest E. Cosse IV, seeks judicial review of an administrative law judge ("ALJ") decision denying his application for Supplemental Security Income under Title XVI of the Social Security Act. Plaintiff's request for review of the ALJ's unfavorable decision was denied by the Appeals Council. The ALJ's decision is the "final decision" of the Commissioner of Social Security, which this court may review. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Both parties have consented to the jurisdiction of a magistrate judge. (Docs. 11, 16). For the reasons stated below, the court will deny Plaintiff's motion for summary judgment and grant Defendant's motion for summary judgment.

**LEGAL STANDARDS**

The Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). A district court has a limited scope of review and can only set aside a denial of benefits if it is not supported by substantial evidence or if it is based on legal error. *Flaten v. Sec'y of Health & Human Servs*., 44 F.3d 1453, 1457 (9th Cir. 1995). Substantial evidence is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108

F.3d 978, 979 (9th Cir. 1997). "In determining whether the Commissioner's findings are supported by substantial evidence," a district court must review the administrative record as a whole, considering "both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998). The Commissioner's conclusion is upheld where evidence is susceptible to more than one rational interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

## SUMMARY OF MEDICAL EVIDENCE[1]

1. Clearlake Family Health Center

On February 26, 2014, Plaintiff was seen for symptoms of recurrent vomiting at least once a month (AR 320). He also reported back pain and requested a mental health evaluation. *Id*. Plaintiff was referred for a mental health evaluation. (AR 322).

2. El Dorado Community Health Centers

Plaintiff established care at El Dorado Community Health Centers on April 15, 2014, when he was seen by Dina Medeiros, PA-C. (AR 357-358). He reported weekly bouts of violent nausea and vomiting after suffering a traumatic brain injury in 2004. (AR 357). PA-C Medeiros diagnosed generalized abdominal pain, nausea with vomiting, traumatic brain injury, lumbar pain, and muscle spasms. (AR 358). She referred Plaintiff for a mental health evaluation. *Id*. John Bachman, Ph.D., began treating Plaintiff on May 2, 2014. (AR 352). He presented as somewhat paranoid and described feeling he was a "victim" of the state police. Plaintiff reported feeling anxious, worried, and confused. *Id*. A mental status examination revealed agitated behavior, rambling and repetitive speech, a worried and angry mood, a labile affect, confusion and disorganized thought, superficial insight, and poor judgment. (AR 352-353). Dr. Bachman diagnosed adjustment disorder with mixed anxiety and depression. (AR 353). Plaintiff returned to Dr. Bachman on July 29, 2014, due to ongoing cognitive problems. (AR 345). He described symptoms of anxiety, worry, feeling discouraged, memory loss, and confusion. *Id*. Dr. Bachman's mental status examination documented agitated behavior,

---

[1] This summary of medical evidence is largely taken from that provided by Plaintiff, which the court finds accurately represents the record. *See generally,* FRCP 56(c).

2

rambling and repetitive speech, a worried and angry mood, a labile affect, confusion and disorganized thought content, apprehension, remembrance of past traumas, paranoid ideation, superficial insight, and poor judgment. (AR 346). Dr. Bachman diagnosed a mild cognitive impairment, adjustment disorder with mixed anxiety and depression, and cannabis dependence. He recommended psychotherapy. *Id*. On August 5, 2014, PA-C Medeiros prescribed Clonazepam. (AR 343-344).

At a visit on October 7, 2014, Plaintiff stated his nausea was "much worse" over the previous month. (AR 336). He also had difficulty sleeping due to anxiety and frequent urination. *Id*. PA-C Medeiros refilled all of Plaintiff's medications. (AR 337). On November 12, 2014, Plaintiff returned to see Dr. Bachman. (AR 389). He reported gastric pain and nausea with vomiting on a daily basis. *Id*. Plaintiff also continued to feel stressed, anxious, worried, and discouraged, with memory problems and confusion. (AR 390). Additional visits with PA-C Medeiros and Dr. Bachman documented no significant changes in Plaintiff's impairments through March 13, 2015. (AR 387-388, 385-386, 383-384, 380-382, and 377-379).

Neurologist Rajiv Pathak, M.D., evaluated Plaintiff on April 20, 2015, due to cognitive problems, dizziness, disturbed balance, and headaches. (AR 396). A neurological evaluation revealed poor concentration and easy frustration. (AR 397). Dr. Pathak diagnosed concussion with loss of consciousness and headache. *Id*. He recommended continued psychotherapy. (AR 398).

On April 28, 2015, Plaintiff returned to Dr. Bachman, who found him to be stressed, anxious and worried, as well as suffering from memory loss, confusion, and mild cognitive impairment. (AR 395). Plaintiff had additional therapy with Dr. Bachman on May 7, 2015 (AR 421-423). On June 4, 2015, Dr. Bachman wrote that Plaintiff remained confused, disorganized and anxious. (AR 415). Plaintiff returned for additional therapy with Dr. Bachman on June 23, 2015. (AR 412-414). Dr. Bachman summarized Plaintiff's psychiatric conditions in a Mental Impairment Questionnaire dated July 21, 2015. (AR 403-406). He diagnosed cognitive impairment and anxiety disorder. (AR 403). Plaintiff's GAF score was 51. *Id*. Clinical signs included persistent or generalized anxiety, feelings of guilt or worthlessness, illogical thinking,

3

slowed thinking and speech, difficulty thinking or concentrating, easy distractibility, poor immediate and recent memory, intrusive recollections of a traumatic experience, paranoia/suspiciousness, and social withdrawal or isolation. (AR 404). Dr. Bachman opined Plaintiff is not a malingerer. (AR 403).

Dr. Bachman opined Plaintiff had "marked" limitations (defined as "symptoms constantly interfere with ability" or "more than 2/3 of an 8-hr. workday") in his ability to remember locations and work-like procedures; understand and remember one-to-two step instructions; carry out detailed instructions; maintain attention and concentration for extended periods; complete a workday without interruptions from psychological symptoms; perform at a consistent pace without rest periods of unreasonable length or frequency; and, travel to unfamiliar places or use public transportation. (AR 405). In addition, the treating psychologist found Plaintiff had "moderate-to-marked" limitations (defined as "symptoms frequently interfere with ability" or from "1/3 – 2/3 of an 8-hr. workday") in his ability to carry out simple one-to-two step instructions; perform activities within a schedule and consistently be punctual; sustain ordinary routine without supervision; work in coordination with or near others without being distracted by them; make simple work-related decisions; accept instructions and respond appropriately to criticism from supervisors; respond appropriately to workplace changes; and, be aware of hazards and take appropriate precautions. *Id*. Dr. Bachman also estimated Plaintiff would miss work more than three times a month due to his impairments. (AR 406).

3. Melody Samuelson, Psy.D. – SSA Consultative Psychologist

Dr. Samuelson evaluated Plaintiff at the behest of the Social Security Administration on November 16, 2013. (AR 308-315). Plaintiff reported problems with memory that were attributed to a traumatic brain injury and anxiety. (AR 308). Plaintiff had not yet begun any mental health treatment. (AR 309). A mental status exam revealed Plaintiff was moderately disheveled, no evidence of feigning or exaggeration, bizarre or psychotic thought content, a moderately flat affect, feelings of depression that include hopelessness, helplessness, and worthlessness. (AR 310-311). Psychological testing was consistent with low average ability to perform a simple task of visual search and scanning a numerical sequence (AR 312), and

borderline visual working memory consistent with a past traumatic brain injury. (AR 314).

Dr. Samuelson diagnosed cognitive disorder, not otherwise specified ("NOS"). (AR 314). Plaintiff's GAF score was 46. He opined Plaintiff would have a "significant problem" organizing himself to implement tasks in many environments. *Id*. Dr. Samuelson also opined Plaintiff had moderate limitations in his ability to perform detailed and complex job instructions; relate adequately to co-workers and the public; maintain attention and concentration, persistence, and pace; associate with day-to-day work activities, including attendance and safety; accept instructions from supervisors; maintain a regular schedule and perform activities on a consistent basis; and, perform work activities without special or additional supervision. (AR 315).

4. Relevant Portion of Plaintiff's Testimony

Plaintiff testified he suffered a traumatic brain injury in 2004 when he was assaulted. (AR 57). As a result, he has pain, problems with balance, difficulty articulating himself, and frustration. (AR 57-58). Plaintiff also described problems retaining and recalling information, as well as problems focusing. (AR 58). He isolates himself from others. (AR 59). He has problems with nausea four to five times a week. (AR 62). Plaintiff was homeless and living in his car at the time of his hearing. (AR 51). He has a dog he takes for walks for 10 to 15 minutes at a time. (AR 63-64). Plaintiff does laundry once a month and goes grocery shopping once or twice a week. (AR 65-66). He uses medical marijuana twice a day to help with his nausea. (AR 59-60).

**THE FIVE STEP SEQUENTIAL ANALYSIS FOR DETERMINING DISABILITY**

A person filing a claim for social security disability benefits ("the claimant") must show that she has the "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment" which has lasted or is expected to last for twelve or more months. 20 C.F.R. §§ 416.920(a)(4)(ii), 416.909. The ALJ must consider all evidence in the claimant's case record to determine disability (*id*. § 416.920(a)(3)), and must use a five-step sequential evaluation to determine whether the claimant is disabled (*id*. § 416.920). "[T]he ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered." *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983).

Here, the ALJ evaluated Plaintiff's application for benefits under the required five-step

sequential evaluation. (AR 30-42).

At Step One, the claimant bears the burden of showing she has not been engaged in "substantial gainful activity" since the alleged date the claimant became disabled. 20 C.F.R. § 416.920(b). If the claimant has worked and the work is found to be substantial gainful activity, the claimant will be found not disabled. *Id.* The ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of August 13, 2013. (AR 32).

At Step Two, the claimant bears the burden of showing that she has a medically severe impairment or combination of impairments. 20 C.F.R. § 416.920(a)(4)(ii), (c). "An impairment is not severe if it is merely 'a slight abnormality (or combination of slight abnormalities) that has no more than a minimal effect on the ability to do basic work activities.'" *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005) (quoting S.S.R. No. 96–3(p) (1996)). The ALJ found that Plaintiff suffered the following medically determinable impairments: headaches, low back pain/strain, cognitive disorder not otherwise specified, and anxiety disorder. (AR 32).

To be found disabled, a claimant must have a severe impairment. § 416.920(c). If the claimant does not have any impairment or combination of impairments which significantly limits his physical or mental ability to do basic work activities, he does not have a severe impairment and is therefore not disabled. *Id.* The claimant's age, education, and work experience is not considered. *Id.* Here, the ALJ found that Plaintiff's "physical and mental impairments, considered singly and in combination, do not significantly limit the claimant's ability to perform basic work activities. Thus, the claimant does not have a severe impairment or combination of impairments."[2] (AR 42). The ALJ thus concluded that Plaintiff had not been under a disability, as defined in the Social Security Act, since August 23, 2013, the date the application was filed. (AR 42).

**DISCUSSION**

Plaintiff contends that the ALJ erred by finding that he has no severe impairments. Plaintiff explains that he does not dispute the ALJ's findings related to his physical impairments,

---

[2] The ALJ thus did not reach Steps Three, Four and Five of the sequential evaluation.

but only the findings as to his mental impairments. Plaintiff argues that the ALJ erred in: (1) rejecting the opinions from treating psychologist Dr. Bachman; (2) relying on the opinion of the non-examining consultants Drs. Colsky and Brill; (3) rejecting the opinions of the Administration's consultative psychologist, Dr. Samuelson, and (4) failing to properly evaluate Plaintiff's testimony.

Opinion of Dr. Bachman

Plaintiff contends that the ALJ erred in rejecting the opinions from treating psychologist Dr. Bachman. Under the treating physician rule, the opinion of a treating physician is accorded more weight than the opinions of other physicians. *Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996). A decision rejecting a treating doctor's opinion that is contradicted by that of another doctor must set "forth 'specific and legitimate reasons supported by substantial evidence in the record for doing so.'" *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001) (quoting *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995)); *see also Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) (an ALJ may reject a treating physician's opinion when the opinion is inadequately supported by clinical findings).

Plaintiff argues that while the ALJ noted that Dr. Bachman diagnosed Plaintiff with a mild cognitive disorder and had an average IQ, this does not negate Dr. Bachman's other opinions, which were based on the combination of Plaintiff's cognitive disorder and anxiety disorder. Plaintiff posits a contradiction where none exists. The relevant finding from the ALJ is as follows:

> Dr. Bachman also prepared medical source statements of the claimant's functional ability. The undersigned finds his opinion inconsistent with treatment records. *Dr. Bachman opined marked limitations in many areas of mental functioning while diagnosing only mild cognitive disorder.* Notably, he obtained an average score in intelligence testing. Moreover, he signed a statement that the claimant's marijuana use was insignificant and had no impact on his functioning. Dr. Bachman himself diagnosed the claimant with cannabis dependence disorder and a toxicology screen confirmed he uses it. The claimant himself testified he uses it twice daily. Dr. Bachman's notes also indicate he was aware of the claimant's opioid use and it is unclear whether he took that into consideration when he formulated his opinion of function. Notwithstanding that Dr. Bachman opines the claimant's marijuana use is not a contributing factor to his limitations, the record does not support Dr. Bachman's opinion of marked limitations. Psychometric testing does not support such severe limitations. His IQ is average, his memory was borderline, but on Trails testing, he improved with tasks requiring increased flexibility and executive

7

functioning, which is not consistent with marked limitations. Accordingly, the undersigned assigns little weight to Dr. Bachman's opinion.

(AR 40-41) (emphasis added). As the "other opinions" of Dr. Bachman, Plaintiff cites the "signs and symptoms" found by Dr. Bachman which supported his diagnosis and assessment of Plaintiff, which included "cognitive impairment" and "anxiety disorder." (AR 403-404).[3] The court finds that the ALJ considered these signs and symptoms found by Dr. Bachman in reaching her decision, as evidenced by the reference to Dr. Bachman opining "marked limitations in many areas of mental functioning." The ALJ was not required to find that one area of evidence contradicted the other, nor did she. Rather, the ALJ discussed the various aspects of Dr. Bachman's medical opinions of Plaintiff's functionality, comparing and contrasting them in the course of reaching a conclusion about the weight to be given Dr. Bachman's opinion.

Plaintiff additionally argues that Dr. Bachman's opinions are entitled to greater weight because Dr. Bachman treated Plaintiff regularly over an extended period of time, the nature of the treatment focused on Plaintiff's mental impairments and Dr. Bachman is a psychologist giving opinions in his area of specialty. *See* SSR 96-2p ("[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 CFR 404.1527 and 416.927. In many cases, a treating source's medical opinion will be entitled to the greatest weight and should be adopted, even if it does not meet the test for controlling weight."). However, while these factors are considered in determining the weight to be given a medical opinion, the main factors are whether the opinion is supported and consistent with the other evidence. *See* 20 C.F.R. § 416.927(c). The court finds that the length of Plaintiff's treatment with Dr. Bachman and Dr. Bachman's specialty do not outweigh the other factors used in weighing a

---

[3] These included persistent or generalized anxiety, feelings of guilt or worthlessness, illogical thinking, slowed thinking and speech, difficulty thinking or concentrating, easy distractibility, poor immediate and recent memory, intrusive recollections of a traumatic experience, paranoia/suspiciousness, and social withdrawal or isolation. (AR 404).

8

physician's opinion. As Defendant notes, State agency doctors Brill and Colsky, whose opinions were given great weight, were a psychologist and psychiatrist respectively, which negates Plaintiff's argument that Dr. Bachman's opinion was entitled to greater weight due to his specialty.

Plaintiff claims that the ALJ also discounted Dr. Bachman's opinion because the ALJ had erroneously believed that Dr. Bachman failed to consider the impact of Plaintiff's use of marijuana and opioids before rendering his opinions. In so claiming, Plaintiff incorrectly relies on the materiality analysis under SSR 13-2p that is applicable when a severe impairment is found and the applicant is found to be disabled. *See* 20 C.F.R. § 416.935(a) (if a claimant is found disabled and there is medical evidence of drug addiction or alcoholism, the ALJ must determine if it is a contributing factor material to the determination of disability); SSR 13-2p (if evidence establishes drug use is a medically determinable impairment and the claimant is found disabled, then it must be determined whether the drug use is material to the disability determination). Here, because the ALJ found that Plaintiff did not have a severe impairment and thus was not disabled, the materiality analysis is inapplicable.

Further, Plaintiff misinterprets the ALJ's reasoning. The ALJ did not discount Dr. Bachman's opinion because she believed that Dr. Bachman had failed to consider the impact of Plaintiff's use of marijuana and opioids before rendering his opinion. Rather, the ALJ pointed out that Dr. Bachman found that Plaintiff's marijuana use was insignificant and had no impact on his functioning, yet diagnosed him with cannabis dependence. The ALJ then found, "[n]otwithstanding that Dr. Bachman opines the claimant's marijuana use is not a contributing factor to his limitations, the record does not support Dr. Bachman's opinion of marked limitations." (AR 41).

In conclusion, after considering all of Plaintiff's arguments, the court finds that there was substantial evidence to support the ALJ's rejection of Dr. Bachman's opinion on the grounds that

9

it was internally inconsistent with his treatment records and with the record as a whole. *See Johnson v. Shalala*, 60 F.3d 1428, 1433 (9th Cir. 1995) (self-contradictory doctor's opinion may be rejected).

Opinions of Drs. Colsky and Brill

Plaintiff contends that the ALJ erred in giving great weight to the opinions of the non-examining physicians, Drs. Colsky and Brill. Plaintiff cites well-established authority holding that opinions provided by non-examining sources, standing alone, are not substantial evidence that justifies the rejection of opinions from treating sources. *See Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1995) (*citing Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)). However, the opinions of non-treating or non-examining physicians may be substantial evidence when supported by other evidence in the record. *See Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2012) ("opinions of non-treating or non-examining physicians may also serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record"); SSR 96-6p4 ("State agency medical and psychological consultants are highly qualified physicians and psychologists who are experts in the evaluation of the medical issues in disability claims.)

In this case, the ALJ properly gave the opinions of the non-examining physicians, Drs. Colsky and Brill, great weight because they had evidentiary support in the record. (AR 41). These physicians found that Plaintiff could perform many activities of daily living. (*Id*.) The ALJ noted particularly that Drs. Colsky and Brill reviewed the notes of Dr. Samuelson, the consultative psychologist, who found that Plaintiff had unimpaired executive functioning. The ALJ noted that the medical records in their possession at the time of their review showed no records showing that Plaintiff sought care for cognitive functional deficits or mood disorder. The ALJ distinguished between the evidence available to Drs. Colsky and Brill, and that which was only created later, finding their "opinions consistent with the evidence at the time of their review and that subsequent

10

evidence does not show records supporting significant cognitive or mood deficits." *See Roberts v. Shalala*, 66 F.3d 179, 184 (9th Cir. 1995) (ALJ may reject the testimony of an examining, but non-treating physician, in favor of a nonexamining, nontreating physician with specific, legitimate reasons for doing so) (citing *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995).) The court finds that there was substantial evidence to support the ALJ's decision in assigning great weight to the opinions of Drs. Colsky and Brill, and finds no error.

Opinions of Dr. Samuelson

Plaintiff contends that the ALJ erred by rejecting the opinions provided by the Administration's examining psychologist, Dr. Samuelson. Plaintiff argues the ALJ made a conclusory finding that Dr. Samuelson's own mental status examination findings do not support her opinions. This is an inaccurate description of the ALJ's findings, which thoughtfully discussed and analyzed Dr. Samuelson's opinion, giving a detailed explanation for her conclusion that Dr. Samuelson's opinion was internally inconsistent. (AR 39). The court finds that there was substantial evidence to support the ALJ's decision and the court finds no error.

Evaluation of Plaintiff's Credibility

Plaintiff contends that the ALJ's determination regarding Plaintiff's credibility was not supported by substantial evidence. The ALJ found, after considering the record, that Plaintiff's statements concerning the intensity, persistence, and limiting effects of his alleged symptoms were not entirely credible for many reasons. First, the ALJ noted that although Plaintiff reported a traumatic brain injury resulting from an assault in 2004, there was no evidence of such an incident. (AR 34). Plaintiff submitted no medical records or other evidence supporting his report. (*Id.*). Despite the report of a traumatic brain injury, a CT scan on May 2, 2014, was unremarkable and did not substantiate Plaintiff's claims. (*Id.*). Also, Plaintiff told a medical provider that his strength and memory had improved following the attack in 2004 and that he was able to drive. (*Id.*). The ALJ noted discrepancies regarding Plaintiff's claimed back pain, *i.e.*, lumbar spine imaging was normal. (*Id.*).

11

1    The ALJ found that although Plaintiff's treating physician Dr. Bachman diagnosed cognitive impairment, this was based on Plaintiff's subjective report and Dr. Bachman characterized it as mild. (AR 34). Additionally, results from IQ testing in 2013 were in the normal range. (*Id.*).

The ALJ noted that Plaintiff had successfully worked at substantial gainful activity levels after the date of the alleged brain injury. (*Id.*). At that time he had the same impairments he now asserted prevented him from working. (*Id.*).

Finally, Plaintiff testified that he had been smoking marijuana twice a day since 2010. The ALJ found that the records showed drug abuse and dependence. She also found that Plaintiff had the ability to engage in physically and mentally challenging activities, as shown by his participation in marijuana growing activities after the date of the alleged injury.

Based on the above, the court finds that contrary to Plaintiff's implication, the ALJ did not base her credibility determination purely on the absence of medical records to support Plaintiff's claim of a traumatic brain injury, but rather based it on the record as a whole. Further, she examined in detail whether the alleged injury impacted Plaintiff's ability to work, relying on the objective evidence in the record. This court concludes that the ALJ's finding as to Plaintiff's lack of credibility is supported by substantial evidence in the record and must therefore be upheld by this court. *See Flaten*, 44 F.3d at 1457.

## CONCLUSION

For the reasons stated above, the court hereby DENIES Plaintiff's motion for summary judgment and GRANTS Defendant's motion for summary judgment.

A separate judgment will issue.

**IT IS SO ORDERED.**

Dated: February 27, 2018

ROBERT M. ILLMAN
United States Magistrate Judge

12